UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| SHANNON RULE and KARINA ESQUIVEL, on behalf of themselves and all others similarly situated | * | CIVIL ACTION NO. 16-1408 |
| VERSUS | * | JUDGE ELIZABETH E. FOOTE |
| SOUTHERN INDUSTRIAL MECHANICAL MAINTENANCE COMPANY, L.L.C. | * | MAG. JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion for conditional class certification [doc. # 12] filed by plaintiffs, Shannon Rule and Karina Esquivel. The motion is opposed. For reasons assigned below, it is recommended that the motion be GRANTED, as revised and modified.

Background

For approximately seven months each in 2014 and/or 2015, Shannon Rule and Karina Esquivel worked as a safety lead and safety manager, respectively, for Southern Industrial Mechanical Maintenance Company ("SIMMCO"). (Compl.; Decls. of Shannon Rule and Karina Esquivel). On October 7, 2016, Rule and Esquivel filed the instant collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, individually, and on behalf of all other similarly-situated current and former employees of SIMMCO for unpaid wages, overtime, liquidated damages, attorney's fees, and costs. (Compl., ¶ 1). Specifically, plaintiffs allege that they were hourly, non-exempt employees entitled to overtime pay under the FLSA, but that

SIMMCO failed to include their per diem amounts in their regular pay when calculating and paying overtime. (Compl., ¶¶ 10-12). Plaintiffs contend that because SIMMCO's per diem policy is tied to the number of hours worked and subject to reduction on an hourly basis, the per diem must be included as a component of their regular rate of pay for purposes of overtime. *Id*. (citing *Newman v. Advanced Tech. Innovation Corp.*, 749 F.3d 33, 38 (1st Cir. 2014)).[1]

SIMMCO filed its answer on November 16, 2016. [doc. # 8]. On December 30, 2016, plaintiffs filed the instant motion for conditional certification of a collective action and to authorize notice to prospective parties. SIMMCO filed its opposition on January 20, 2017. [doc. # 16]. Plaintiffs filed their reply on January 31, 2017. [doc. # 20]. Thus, the matter is ripe.

---

[1] Plaintiffs attached SIMMCO's purported "PER DIEM POLICY" to their complaint. (Compl., Exh. B). It provides that,

The SIMMCO Per Diem Policy is stated as follows for all employees eligible for Per Diem.

1. You Must Work 80% of the scheduled work day in order to receive Per Diem for that day. No Per Diem will be paid if you do not work at least 80% of your scheduled hours.

EXAMPLE:

If the scheduled hours are 10 for that day you must work a minimum of 8 hours to receive Per Diem for that day.

2. You will be docked for any hours short of a full day.

EXAMPLE:

You are scheduled for a 10-hour day and you arrive one (1) hour late for a total of 9 hours worked. Your Per Diem Will be docked 1 hour.

3. You can request advances on your Per Diem, $100.00 per day limit on all advances.

## **Law**

Pursuant to the FLSA,

> [a]n action to recover the liability prescribed in [this section] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

The FLSA collective action is fundamentally distinct from Rule 23 class actions because in contrast to the latter procedure, the prospective FLSA claimants must affirmatively opt-in to be bound by the action. *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 224-25 (5th Cir. 2011) (unpubl.) (citing *Sandoz v. Cingular Wireless LLC,* 553 F.3d 913, 916 (5th Cir.2008)).

Thus far, the Fifth Circuit has declined to establish a legal standard for collective-action certification. *Roussell, supra* (citation omitted); *see also Portillo v. Permanent Workers, L.L.C.*, 662 Fed. Appx. 277, 279 (5th Cir.2016). Accordingly, it has devolved upon the district courts to choose between two prevailing standards, "one involving a multi-factor 'similarly situated' test, and the other akin to the standard for Rule 23 class actions." *Id.* (citation omitted). The district courts usually follow the "similarly situated" test which is typified by, and named after *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D. N.J. 1987); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir.1995), *overruled on other grounds by Desert Palace, Inc. v. Costa,* 539 U.S. 90, 123 S.Ct. 2148 (2003).

The Fifth Circuit explained the similarly situated test, as follows,

> [u]nder *Lusardi,* the trial court approaches the "similarly situated" inquiry via a two-step analysis. The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision- usually based only on the

3

> pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.

*Mooney, supra*.

At the initial notice stage, the "courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Id*. (citation omitted). Plaintiffs bear the burden of proof. *Harris v. Hinds Cty., Miss.*, Civ. Action No. 12-0542, 2014 WL 457913, at *2 (S.D. Miss. Feb. 4, 2014).

The court ordinarily does not reach the second step of the *Lusardi* approach until after discovery is completed, and defendant re-visits the issue via appropriate motion. *Mooney*, 54 F.3d at 1214. At the second stage, the court has more information to make a determination as to whether the claimants are similarly situated, and whether the matter should be permitted to proceed to trial as a representative action. *Id*. If the claimants are not similarly situated, then the district court will decertify the class, and dismiss the opt-in plaintiffs without prejudice. *Id*.

The instant motion addresses solely the notice stage of the *Lusardi* process.

## Discussion

a) <u>Conditional Certification</u>

Plaintiffs petition the court to conditionally certify and authorize the issuance of notice to the following class:

> **All individuals employed within the last three years by SIMMCO, who were paid a regular hourly rate and per diem without receiving overtime compensation at one-and-a-half times their regular rate, including per diem**

**amounts, for hours worked in excess of forty during a workweek.**

In support of the motion, Shannon Rule submitted a declaration wherein he averred, *inter alia*, that

i) He previously worked for SIMMCO as a Safety Lead from July 2014 through February 2015.

ii) While employed at SIMMCO, his hourly pay rate was $28-$29, plus a daily per diem of $80-$120. Although Rule often worked more than 40 hours per workweek, he did not receive 1 ½ times his regular hourly rate because SIMMCO did not include his per diem amounts when calculating his "regular rate" of pay for purposes of paying overtime.

iii) The per diem amount/rate varied depending upon the employee.

iv) On a least one occasion, Rule had his "per diem" reduced because he failed to work sufficient hours in a day to receive the pay.

v) Based on his recollection and other conversations with SIMMCO employees Rule is aware that he and numerous other employees with whom he worked did not receive the correct overtime pay rate for hours worked beyond 40 in a workweek because of SIMMCO's failure to include per diem amounts when calculating "regular rate" of pay for purposes of overtime.

(Rule Declaration; M/Conditional Certification, Exh. C).

Similarly, Karina Esquivel averred, in part, that,

i) She previously worked for SIMMCO as a safety manager from January-August 2014.

ii) While employed at SIMMCO, her hourly pay rate was $24, plus a daily per diem of $80. Although Esquivel often worked more than 40 hours per workweek, she did not receive 1 ½ times her regular hourly rate because SIMMCO did not include her per diem amounts when calculating her "regular rate" of pay for purposes of paying overtime.

iii) On at least one occasion, Esquivel's "per diem" was reduced because she failed to work sufficient hours in a day to receive the pay.

iv) Based upon her recollection and her conversations with other SIMMCO employees Esquivel believes that numerous other employees with whom she

>    worked did not receive the correct overtime pay rate for hours worked beyond 40
>    in a workweek because of SIMMCO's failure to include per diem amounts when
>    calculating "regular rate" of pay for purposes of overtime.

(Esquivel Declaration; M/Conditional Certification, Exh. C).

The foregoing declarations, together with SIMMCO's per diem policy, which, by its terms, applies to *all* employees eligible for per diem, provide substantial evidence that there are prospective similarly-situated class members, subject to a single policy that arguably transgresses the FLSA.

Defendant raises several arguments against conditional certification. First, it contends that plaintiffs have not demonstrated that there are other aggrieved employees interested in joining this lawsuit. In the Fifth Circuit, however, there is no rule that plaintiffs must submit evidence that there are other individuals who want to opt-in to the case. *Perkins v. Manson Gulf, L.L.C.*, Civ. Action No. 14-2199, 2015 WL 771531, at *4 (E.D. La. Feb. 23, 2015) (citations omitted). Indeed, other courts have found that evidence from prospective plaintiffs is not essential for conditional certification. *See Green v. Plantation of Louisiana, LLC*, 2010 WL 5256354, *13 (W.D. La. Nov. 24, 2010) (cases cited therein). Moreover, one of the purposes of conditional certification is to identify potential class members. *Neary v. Metro. Prop. & Cas. Ins. Co.*, 517 F. Supp. 2d 606, 623 (D. Conn. 2007).[2]

SIMMCO next argues that plaintiffs have not demonstrated how other employees in their proposed class definition are similarly situated to themselves. However, SIMMCO's per diem policy states that it applies to *all* employees eligible for per diem. Moreover, SIMMCO

---

[2] Ironically, SIMMCO objected to plaintiff's interrogatories seeking the names of its current and former employees who are/were subject to the per diem policy on the basis that the interrogatories are premature until such time as the court issues an order conditionally certifying the collective action. (SIMMCO's Responses to Interr. Nos. 17-18; Pl. Reply Exh. B).

conceded in its discovery responses that it had one company-wide per diem policy, and that all of its employees were subject to it. (SIMMCO's Responses to Interr. Nos. 19-21; Pl. Reply Exh. B).[3]

SIMMCO further argues that plaintiffs' motion should be denied because their claims are not "similarly situated" to those of other employees because the claims "raise highly fact-intensive, individualized issues that would inevitably result in unmanageable, mini-trials that are inappropriate for a collective action." (Def. Opp. Memo., pg. 11). SIMMCO then concedes that many courts defer these issues until the decertification stage. *Id.*, pg. 12.

The court agrees that these issues are premature at this, the notice stage of the collective action process. Moreover, because the reasonableness of per diem payments must be compared to an employee's expenses on a case-by-case basis,[4] and because SIMMCO apparently performed a separate assessment of temporary living costs for each job,[5] it may prove more pragmatic to maintain sub-classes by job site. In fact, defendant urges the court to narrow plaintiffs' proposed class to safety workers who worked for SIMMCO in the Shreveport market. Again, however, that is an issue more appropriately addressed at the decertification stage. *See Santinac v. Worldwide Labor Support of Illinois, Inc.*, 107 F. Supp.3d 610, 616 (S.D. Miss. 2015) (at the decertification stage, defendant may be able to show that a nationwide class is inappropriate).

In sum, under the lenient standard applied at the notice stage of the collective action, the

---

[3] SIMMCO also objected to plaintiffs' request to identify job titles for the employees subject to the per diem policy prior to class certification and prior to the employees' consent to participate in the case. *Id.*

[4] *See Berry v. Excel Grp., Inc.*, 288 F.3d 252, 254 (5th Cir.2002).

[5] SIMMCO's Response to Interr. No. 16; Pl. Reply Exh. B)

undersigned finds substantial evidence to support conditional certification of a collective action.

b) <u>Notice</u>

Plaintiffs' motion also seeks court approval of the notice to be sent to the prospective class members. The Supreme Court has remarked that the benefits of the collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170, 110 S. Ct. 482, 486 (1989). The district courts enjoy a "managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Id*. Thus, the district courts have a substantial interest in overseeing communications that are transmitted in single actions involving multiple parties. *Id*.

Plaintiffs attached the proposed notice to their motion. (Pl. Motion, Exh. B). Defendant objects to Section 3 of the Notice because it is too broad. SIMMCO contends that the notice should be revised to clarify that participation is limited to persons who received per diem and worked more than 40 hours in a week. In response, plaintiffs agree to the following revision:

> You are eligible to join this lawsuit if (1) you performed work for SIMMCO between October 13, 2013 through the present; and (2) **received per diem amounts that were not included when** calculating your regular rate of pay for purposes of paying overtime. For example, Plaintiffs allege that if you received a per diem of $80 per day and you worked five days and more than 40 hours in a workweek, then SIMMCO should have added $400 to your total compensation amount when determining your hourly rate of pay for purposes of paying overtime.

(Pl. Reply Memo., pg. 7, n.5).

The court finds that plaintiffs' revision sufficiently redresses defendant's concern and apprises prospective participants that incorrectly calculated overtime is the focus of this action.

Defendant also objects to notifying prospective participants via email, telephone, and notice postings at SIMMCO work sites. SIMMCO argues that, in addition to its employees' privacy concerns, it would prove unduly burdensome for defendant to produce emails and telephone numbers because it does not retain this data in one place for many of its employees. Rather, SIMMCO argues that notice initially should be provided by First Class Mail only, and if the notice is returned as undeliverable, *then* the parties may revisit the matter. The undersigned agrees as to initial email notification. However, the undersigned recommends that the court require SIMMCO to post the notices at its *existing* work sites for a period of 90 days.

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that plaintiffs' motion [doc. # 12] to conditionally certify this matter as a collective action pursuant to 29 U.S.C. § 216(b), and to authorize notice to all individuals as defined in the proposed notice, and revised herein, be GRANTED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE**

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 6th day of March 2017.

*[signature: Karen L. Hayes]*

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE