# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | | |
|---|---|---|
| SHANNON RULE and KARINA ESQUIVEL, on behalf of themselves and all others similarly situated | * | CIVIL ACTION NO. 16-1408 |
| VERSUS | * | JUDGE ELIZABETH E. FOOTE |
| SOUTHERN INDUSTRIAL MECHANICAL MAINTENANCE COMPANY, L.L.C. | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion for equitable tolling [doc. # 70] filed by plaintiffs, Shannon Rule and Karina Esquivel. The motion is opposed. For reasons assigned below, it is recommended that the motion be DENIED, at this time.

## Background

On October 7, 2016, Shannon Rule and Karina Esquivel filed the instant collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., individually, and on behalf of all other similarly-situated current and former employees of Southern Industrial Mechanical Maintenance Company ("SIMMCO") for unpaid wages, overtime, liquidated damages, attorney's fees, and costs. (Compl., ¶ 1).[1]

---

[1] Plaintiffs allege that they were hourly, non-exempt employees entitled to overtime pay under the FLSA, but that SIMMCO failed to include their per diem amounts in their regular pay when calculating and paying overtime. (Compl., ¶¶ 10-12). Plaintiffs contend that because SIMMCO's per diem policy is tied to the amount of hours worked and subject to reduction on an hourly basis, the per diem must be included as a component of their regular rate of pay for purposes of overtime. *Id*. (citing *Newman v. Advanced Tech. Innovation Corp.*, 749 F.3d 33, 38

On December 30, 2016, plaintiffs filed a motion for conditional certification of a collective action and to authorize notice to prospective parties. [doc. # 12]. On March 6, 2017, the undersigned issued a report recommending that the motion be granted, as revised. (March 6, 2017, R&R [doc. # 22]). On April 24, 2017, the District Court adopted the report and recommendation and conditionally certified the collective action. (April 24, 2017, Order [doc. # 45]).

Meanwhile, on April 5, 2017, – almost three weeks before the District Court conditionally certified the collective action – plaintiffs began sending mail-outs to prospective members of the collective action. However, 123 of the 915 mailings were returned as "undeliverable." Thereafter, plaintiffs' counsel re-sent the notices with forwarding addresses.

On May 24, 2017, plaintiffs filed the instant motion to equitably toll the statute of limitations for all opt-in parties who did not receive notice of the lawsuit. SIMMCO filed its opposition on June 13, 2017. [doc. # 82]. Plaintiffs did not file a reply and the time to do so has lapsed. (Notice of Motion Setting [doc. # 72]).

## Analysis

Before addressing the merits of plaintiffs' motion, the court pauses to observe that although SIMMCO pleaded a limitations defense in its answer, it has yet to invoke the defense to preclude the claim of any prospective plaintiff. In other words, plaintiffs' equitable tolling argument is contingent on a future event that may never occur. Until such time, plaintiffs' motion for equitable tolling is premature and not ripe for decision. *See Biggio v. H20 Hair Inc.*,

---

(1st Cir. 2014)).

No. 15-6034, 2016 WL 1031344, at *5 (E.D. La. Mar. 14, 2016); *Lopez v. Stephens*, No. 15-144, 2016 WL 4126014, at *6 (S.D. Tex. Apr. 25, 2016), *R&R adopted sub nom. Lopez v. Davis*, No. 15-144, 2016 WL 4131861 (S.D. Tex. Aug. 2, 2016) (decision on equitable tolling was premature, and, in effect an impermissible advisory opinion); *United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir.1986) (vacating that portion of the district court's order which tolled claims of employees who had not yet opted into the class, on the basis that the order was, in effect, an advisory opinion addressing parties not yet before the court).

Even if the court *were* to reach the merits of the motion, its prematurity serves to undermine plaintiffs' efforts to satisfy the demanding standard for equitable tolling. To be sure, the FLSA statute of limitations "is subject to tolling on equitable grounds." *Gremillion v. Cox Commc'ns Louisiana*, No. 16-9849, 2017 WL 2688217, at *5 (E.D. La. June 22, 2017) (citation omitted). However, equitable tolling represents a narrow, equitable exception that is to be applied sparingly. *Sandoz v. Cingular Wireless*, L.L.C., ___ Fed. Appx. ___, 2017 WL 3080112, at *3 (5th Cir. Jan. 13, 2017) (*citing Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 457 (5th Cir.2011)). To meet the exception, a given plaintiff must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. This standard contemplates "reasonable diligence," not "maximum feasible diligence." *Id*. Also, the extraordinary circumstance must derive from some "external obstacle to timely filing . . . beyond [the plaintiff's] control." *Id*.

Here, plaintiffs have not satisfied either requirement. Plaintiffs contend that the potential opt-in collective action members were diligent because, having failed to receive notice of collective action or consent to join form, they necessarily lacked the requisite knowledge to join

3

this case. In the Fifth Circuit, however,[2] the focus is upon whether prospective plaintiffs had knowledge of facts sufficient to place them on notice of a possible FLSA violation, not whether they knew of the existence of the collective action. *See Sandoz, supra*.

Here, of course, the alleged FLSA violation was SIMMCO's per diem policy, a copy of which was provided to, and receipt acknowledged by, all affected employees. *See* SIMMCO Opp. Memo., Exh. A. Thus, in the absence of any argument or evidence to the contrary, the prospective plaintiffs' knowledge of SIMMCO's policy should have "provided the information necessary to trigger a duty to inquire as to whether the [opt-in plaintiffs'] hourly wages fell below the minimum wage required by the FLSA." *Sandoz, supra*.

Plaintiffs further suggest that equitable tolling's "extraordinary circumstance" element is satisfied by SIMMCO's failure to maintain accurate contact information for the putative opt-ins. However, plaintiffs have not established that SIMMCO owed any such duty. Furthermore, protracted litigation, as well as an FLSA defendant's opposition to certification and notice, do not constitute an extraordinary circumstance for purposes of tolling. *See Sandoz, supra*; *Robinson v. RWLS, LLC, SA*, No. 16-0201, 2017 WL 1535072, at *1–2 (W.D. Tex. Mar. 14, 2017) (citation omitted). Rather, equitable tolling focuses on "whether an external obstacle prevented timely filing, not on whether an external obstacle prevented timely filing in a *specific suit*," for example, the collective action. *Sandoz, supra* (*citing Menominee Indian Tribe of Wisconsin v. United States*, ___ U.S. ___, 136 S.Ct. 750, 755 (2016)) (internal quotation marks

---

[2] In their brief, plaintiffs cite differing standards applied by district and appellate courts within the 2nd, 4th, 6th, and 9th circuits. Be that as it may, the Fifth Circuit appears to have provided some guidance on the present issue, and, as a lower court sitting in this circuit, the undersigned is obliged to follow the higher court's lead.

omitted). In other words, plaintiffs have not shown that an extraordinary circumstance prevented any prospective plaintiff from filing his or her own FLSA suit.

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that plaintiffs' motion for equitable tolling [doc. # 70] be DENIED, at this time.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 22nd day of August 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE